Rafael ANDREASIAN; Lianna Ambartsoumian; Elen Andreasian, Petitioners,

v.

IMMIGRATION & NATURALIZATION SERVICE, Respondent.

No. 01–70090.

I & NS Nos. A71–586–236, A70–501–000, A70–501–001.

United States Court of Appeals, Ninth Circuit.

Submitted May 9, 2002.*

Decided May 21, 2002.

Before KLEINFELD, GRABER, Circuit Judges, and BOLTON,** District Judge.

MEMORANDUM ***

Petitioner Rafael Andreasian, his wife, Lianna Ambartsoumian, and their daughter, Elen Andreasian, petition for review of the decision of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of the petitioners' applications for asylum. The petitioners all base their applications for asylum on the alleged persecution suffered by Mr. Andreasian based on an imputed political opinion. *See Molina–Morales v. INS,* 237 F.3d 1048, 1051 (9th Cir.2001) (holding that a well-founded fear of persecution may be based upon an imputed political opinion). The BIA's determination that an applicant is ineligible for asylum is examined under the substantial evidence standard. *See Ochave v. INS,* 254 F.3d 859, 861–62 (9th Cir.2001). Under this standard, "we must uphold the IJ's findings unless the evidence not only supports, but compels, contrary findings." *Id.* at 862.

The petitioner relies on alleged incidents of past persecution to establish a well-founded fear of future persecution. Even if the events described by Mr. Andreasian are sufficient to demonstrate past persecution, he is entitled only to a presumption of a well-founded fear of persecution, which is subject to rebuttal. *See Salazar–Paucar,* 281 F.3d 1069, 1073–74 (9th Cir.2002). The INS may rebut the presumption by showing that conditions in the petitioner's home country have changed so that fear of persecution is no longer reasonable. *Id.* In determining whether the government has rebutted the presumption, we must conduct an "individualized analysis of how changed conditions will affect the specific petitioner's situation." *Ladha v. INS,* 215 F.3d 889, 902 (9th Cir.2000).

An individualized analysis of Mr. Andreasian's situation demonstrates that any subjective fear of persecution is no longer reasonable given the changed conditions in Armenia. Thus, even if Mr. Andreasian met his burden of showing past persecution, the government successfully rebutted the presumption of a well-founded fear of future persecution. Additionally, Mr. Andreasian produced no direct and specific evidence to show a reasonable fear of persecution. *See Salazar–Paucar,* 281 F.3d

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

at 1074. Mr. Andreasian has therefore not established his eligibility for asylum. Because Ms. Ambartsoumian and Ms. Andreasian based their asylum applications on the alleged persecution suffered by Mr. Andreasian, Ms. Ambartsoumian and Ms. Andreasian also failed to show their eligibility for asylum.

PETITIONS DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* The Honorable Susan Ritchie Bolton, United States District Judge for the District of Arizona, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the